Donald L. Netzer
NETZER LAW OFFICE, P.C.
1060 South Central Ave.
Sidney, Montana 59270
(406)433-5511
(406)433-5513 (fax)

Attorney for Plaintiffs

FILED
BILLINGS DIV.

2008 MAY 19 PM 2 07

PATRICK E. DUFFY, CLERK

BY _____
       DEPUTY CLERK

FILED
APR 17 2008
JUDITH CALLE
CLERK OF DISTRICT COURT
T. Helmuth

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE
OF MONTANA, IN AND FOR THE COUNTY OF DAWSON

Darwin Edwards and
Marlene Edwards,

    Plaintiffs,

v.

ER Solutions, Inc.,

    Defendant.

CAUSE NO. DV 08-048

CV-08-60-BLG-RFC-CSO

Honorable RICHARD A. SIMONTON

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I.  **INTRODUCTION.** This is an action for actual and statutory damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

II. **JURISDICTION.** Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

III. **PARTIES.** Plaintiffs Darwin Edwards and Marlene Edwards are natural persons residing in Glendive, Dawson County, Montana. Plaintiffs have been married in excess of seventeen years.

1

Defendant ER Solutions, Inc. is an entity with its principal place of business located at 800 Southwest 39th St., PO Box 9004, Renton, WA 98057. The Defendant regularly attempts to collect debts alleged to be due another.

## IV.   FACTUAL ALLEGATIONS

1. On or about January 15, 2008, Mr. Mike Miller, agent for Defendant, called Plaintiff Darwin Edwards in an attempt to collect a debt. The original underlying creditor is Verizon Wireless and Plaintiff Darwin Edwards is the obligated debtor on this debt. Marlene Edwards is not obligated for this debt.

2. The total amount of the debt owed was approximately $1,119.39. In the initial telephone call with Mike Miller, Plaintiff Darwin Edwards authorized a withdrawal on his checking account in the amount of $185.00 and that such withdrawal was to be completed on or about February 1, 2008.

3. Plaintiff Darwin Edwards gets paid on the 1st & 15th of each month. He only authorized one withdrawal in the amount of $185.00 and specifically told Mr. Mike Miller that he must call again regarding any future withdrawals.

4. On or about March 3, 2008, Defendant ER Solutions, Inc., without authority, withdrew the sum of $944.39 from Plaintiff Darwin Edwards' checking account.

5. Also, on or about March 3, 2008, Plaintiff Darwin Edwards, without knowing of the withdrawal by Defendant ER Solutions, Inc. in the amount of $944.39, wrote a check to his wife, Marlene, for their house payment in the amount of $1,042.61. Plaintiffs maintain separate checking accounts to better manage their finances and neither Plaintiff is authorized on the other's checking account.

2

6. On or about March 10, 2008, Plaintiff Marlene Edwards learned that her husband's check in the amount of $1,042.61 had been return for non-sufficient funds(NSF).

7. On the same day they learned of the NSF check, Plaintiff Darwin Edwards called ER Solutions, Inc. He eventually was able to talk to agent Mike Miller for ER Solutions, Inc. Agent Mike Miller said that Marlene Edwards gave authority to Defendant to withdrawal from the checking account even though Plaintiff Darwin Edwards explained that Marlene Edwards was not authorized on his checking account.

8. On March 11, 2008, Plaintiff Darwin Edwards signed and filed with his bank a Written Statement Under Penalty of Perjury Affidavit of Unauthorized/Improper Entry. Funds in the amount of $944.39 were eventually returned to Plaintiff. However, damages were already being incurred as a result of Darwin's check being returned as checks Marlene wrote relying on Darwin's check were returned NSF. Marlene's house payment went through, but numerous other checks were returned NSF.

9. Plaintiffs thus incurred substantial bank returned check fees and overdraft charges. Marlene was forced to close her checking account and savings account with US Bank. Because of the NSF fees, Plaintiff Marlene Edwards' request to open a new account at US Bank and Community First Bank, in Glendive, Montana, was refused. The only account she could open was a prepaid bank card through the internet.

10. Plaintiffs suffered and continue to suffer emotional distress, embarrassment and humiliation as a result of the numerous checks written by Marlene that were returned. Plaintiffs have had to work closely with their bank to try to work through the difficulties. Plaintiffs also had to contact the places of business where the NSF checks were issued to make payment in

cash. Due to the bank's NSF fees, Plaintiffs are still unable to pay some of the checks that were returned NSF. Plaintiff, Marlene Edwards was referred to the Dawson County Attorney for criminal prosecution.

## V.   CAUSES OF ACTION.

1.  Plaintiffs repeat, re-allege, and incorporate by reference all allegations herein.

2.  Defendant's violations of the FDCPA include, but are not limited to:

    a.  the use of false representations and deceptive means in violation of 15 U.S.C. § 1692e(10) by falsely representing to Plaintiff Darwin Edwards' bank that Defendant was authorized to make a $944.39 withdrawal; and

    b.  the taking of non-judicial action dispossessing property of the Plaintiffs in violation of 15 U.S.C. § 1692f(6) by the taking of funds in Darwin Edwards' checking account without first filing a and obtaining a judgment and writ of execution.

3.  As a result of Defendant's violations of the FDCPA the Plaintiffs suffered actual damages, including emotional distress, embarrassment, humiliation and are also entitled to an award of statutory damages, costs and attorney fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for:

   a.  Actual Damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b.  Statutory Damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

   d.  For such other and further relief as may be just and proper.

PLAINTIFFS DEMAND TRIAL BY JURY

Dated April 15th, 2008.

                                            Netzer Law Office, P.C.

                                            Donald L. Netzer

## VERIFICATION

We, hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of our knowledge, information, and belief.

Darwin Edwards  
April 15, 2008

Marlene Edwards  
April 15, 2008

5